UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY MATYJASZEK,

                              Plaintiff,

v.                                             Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff, Gary Matyjaszek, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Mercantile Adjustment Bureau, LLC., (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. That at all times relevant herein, each Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a debt to Mercy Hospital. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That upon information and belief, Defendant was employed by Mercy Hospital to collect on the subject debt.

20. That in or about February of 2010, Defendant began calling Plaintiff's cellular telephone number multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

21. That during the months of February, 2010 through March, 2011, Defendant made multiple telephone calls to Plaintiff's telephone, wherein they left an artificial and/or prerecorded voice message requesting return of their telephone call.

22. That Plaintiff had conversations with the Defendant during some of these aforementioned telephone calls, where by the Plaintiff asked the Defendant to stop calling his cellular telephone.

23. That despite Plaintiff requesting that Defendant stop calling, Plaintiff continued to receive telephone calls and artificial/pre-recorded voice messages from Defendant

24. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

27. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), and 15 U.S.C. §1692f, by repeatedly causing Plaintiff's telephone to ring and repeatedly engaging Plaintiff in telephone conversations. The natural consequence of such action was to harass, oppress, and abuse the Plaintiff through an unfair and unconscionable attempt to collect the subject debt.

28. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

29. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

30. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

31. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

37. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

38. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 8, 2011

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com